FILED
16 JUN 2003
J. BARRY DUNFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT of LOUISIANA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 03-50445 |
| ROLAND J. MATURIN | § § § | CHAPTER 7 |
| Debtor | § § | |
| PRIVATE CAPTIAL INCORPORATED | § § | |
| Plaintiff | § § | ADVERSARY NO. _____ |
| vs. | § § § | |
| ROLAND J. MATURIN | § § | |
| Defendant | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT TO DETERMINE DISCHARGEABILITY UNDER 11 USC 523

NOW INTO COURT, through undersigned counsel comes Private Capital Incorporated, a Louisiana Corporation having its registered office in the Parish of Lafayette, State of Louisiana herein after referred to as ("Private Capital") who with respect represents:

1.

This matter is brought pursuant to 11 USC 523. The Court has jurisdiction pursuant to USC 11 1334(s). This is a core proceeding pursuant to 11 USC 157(b)(2)I and venue is proper in the Western District of Louisiana pursuant to 11 USC 1409.

2.

Made defendant herein is Roland J. Maturin, an individual of majority and domiciled in the Parish of Lafayette, State of Louisiana.

3.

Roland J. Maturin is indebted via judgment to Private Capital said judgment being in the amount of $415.339.99 together with legal interest and all court costs. A copy of said judgment is attached hereto and marked Exhibit A.

4.

The Judgment in favor of Private Capital against Roland J. Maturin arises out of an accounts receivable factoring relationship by and between Private Capital and Ram Industries Incorporated.

5.

Ram Industries Incorporated is the corporation in which Roland J. Maturin was majority shareholder, acted as manager, was an officer and director and essentially was the individual who ran Ram Industries Incorporated.

6.

Roland J. Maturin approached Private Capital Inc and negotiated an accounts receivable factoring agreement in the form of a Purchase and Security Agreement.

7.

Pursuant to the accounts receivable factoring relationship by and between Private Capital and Ram Industries, Inc., Roland J. Maturin would bring or cause to be brought to Private Capital certain accounts receivable invoices from Ram Industries, Inc. to third parties against which Private Capital would advance sums.

8.

Roland J. Maturin was a guarantor of Ram Industries, Inc. to Private Capital for all sums and obligations due by Ram Industries, Inc. to Roland to Private Capital.

9.

One of the obligations of Ram Industries to Private Capital was to warrant and represent to Private Capital that invoices brought to Private Capital against which

Private Capital advanced funds, represented bonefide sales and/or services and were valid and enforceable with no off sets, counter-claims or recoupment that could reduce the amount of the invoice.

10.

On multiple occasions Roland J. Maturin either assured Private Capital that the invoices Private Capital factored were valid to their full extent and that he would never factor invoices with Private Capital that were inaccurate or false.

11.

Private Capital relied on the representations of Roland J. Maturin as alleged here in paragraph 10 to advance sums against invoices. Many of the invoices that were factored by Private Capital and which make up the Judgment amount of $415,339.99 have turned out to be inaccurate and declared false and overstated by the account debtors inasmuch as they represented a false and inflated state of completion of the alleged work done by Ram Industries, Inc. to third parties including governmental entities such as the Teche Vermilion Freshwater District.

12.

Indeed subsequent events have determined that the account debtors that were invoiced incorrectly by Ram Industries, Inc. were able to avoid paying the total amount of the invoices issued to them by Ram Industries, Inc. and factored by Private Capital inasmuch as they were able to successfully dispute the quantity of work that was performed as represented by the invoices and the obligations allegedly owed to Ram Industries, Inc.

13.

To the extent the invoices factored by Private Capital falsely and/or inaccurately represented the state of work performed by Ram Industries, Inc. to third parties and Private Capital relied on the representations of these invoices, as well as the assurances in paragraph 10, Private Capital advanced money and extended and forbore upon financing to Ram Industries, Inc. upon said representations which were false pretenses and false representations and/or actual fraud other than the statement representing the debtor or an insiders financial condition.

14.

Roland J. Maturin was usually on site when the work was being performed which work was the subject matter of the invoices factored to Private Capital and as such he knew or should have known that the stated progress of the work as reported on the invoices factored by Private Capital was false yet failed to disclose same to Private Capital before Private Capital advanced sums to Ram Industries, Inc.

15.

Numerous other representations were made by Roland J. Maturin that were false and upon which Private Capital relied to its detriment in advancing money or extending and forbearing on credit to Ram Industries, Inc. including but not limited to false representations as to payment and false representations as to reasons for which invoices factored by Private Capital were not being paid by third parties.

16.

Roland J. Maturin benefited from the sums advanced to Ram Industries, Inc. because at the time, upon information and belief, Roland J. Maturin's financial receipts from Ram Industries, Inc. came from the operating funds provided to Ram Industries, Inc. by Private Capital through the factoring.

17.

Roland J. Maturin also benefited from the extension and forbearance of indebtedness by Private Capital to Ram Industries, Inc. inasmuch as said extension and forbearance inured to his benefit as a solidary guarantor of the indebtedness of Ram Industries, Inc. to Private Capital.

18.

The total amount due to Private Capital as a result of the obtaining of money and the extension and forbearance of credit by false pretenses and false representations will be proven at trial of this matter but exceeds the sum of $100,000.00 upon information and belief.

19.

Maturin also intentionally converted accounts of Ram Industries, inc. that was collateral security held by Private Capital.

20.

In particular during the pendency of the bankruptcy proceedings of Ram Industries, Inc. and while a fiduciary of Ram Industries, Inc., Maturin opened up a non DIP account and collected accounts of Ram Industries, Inc to the prejudice of the Ram Industries, Inc. bankruptcy estate and the secured claim of Private Capital, Inc.

21.

Accordingly, Maturin should be denied a discharge as to all collateral of Private Capital, Inc. he willfully converted, pursuant to 11 USC 523 (6) and/or (4).

Wherefore, Private Capital prays that Roland J. Maturin be served with this complaint duly cited to appear and answer same and that after all due proceedings that there be judgment herein accepting all indebtedness proven by Private Capital accepted from discharge pursuant to 11 USC 523.

Private Capital further prays for all other relief for which it is entitled.

Respectfully submitted,

Jeffrey Ackermann #5230
DURIO, MCGOFFIN & STAGG
220 Heymann Boulevard
Lafayette, Louisiana 70505
(337) 233-0300

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

IN RE:
RAM INDUSTRIES, INC.
Debtor(s)

CASE NO. 98-51512
ADVERSARY NO. 98-5474
JUDGE GERALD H. SCHIFF

FILED MAR 8 2000
J. BARRY DURFORD, CLERK
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

## **JUDGMENT**

On the consent of the parties and based upon a Settlement, Compromise and Release Agreement approved by this court by order this date, following hearing on same February 15, 2000, judgment is hereby rendered as follows:

1. In favor of Private Capital, Inc. and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere in solido in the principal sum of $415,339.99 together with legal interest from date of judicial demand until paid and all court costs.

2. In favor of Private Capital, Inc. and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere recognizing the mortgage and security rights of Private Capital, Inc. arising out of the following;

    A. Commercial Security Agreement and Mortgage dated December 16, 1997 recorded, Lafayette Parish Mortgage Records under Act No. 97-045598 on the 18th day of December, 1997 and evidenced by UCC-1 Financing Statement recorded on December 18, 1997 as Act No. 28-377610.

    B. Security Interest recorded as Act No. 28-375954 on the September 16, 1997 in the UCC records for the Parish of Lafayette, State of Louisiana.



C. Partial assignment of security interest recorded under original file No. 57-960146 on January 30, 1996 in the records for the Parish of Vermilion, State of Louisiana. Said partial assignment recorded as File No. 57-971295 on September 5, 1997 in Vermilion Parish.

D. The following partial assignments of security interests recorded as Act No. 57-96175 filed November 14, 1996, Vermilion Parish.

   a. Partial Assignment recorded as Act No. 57-970398 on March 6, 1997 in Vermilion Parish.
   b. Partial Assignment recorded as Act No. 57-970636 on April 15, 1997 in Vermilion Parish.
   c. Partial Assignment recorded as Act No. 57-970789 on May 15, 1997 in Vermilion Parish.
   d. Partial Assignment recorded as Act No. 57-970908 on June 10, 1997 in Vermilion Parish
   e. Partial Assignment recorded as Act No. 57-971120 on July 27, 1997 in Vermilion Parish
   f. Partial Assignment recorded as Act No. 57-971460 on September 26, 1997 in Vermilion Parish
   g. Partial Assignment recorded as Act No. 57-971853 on December 16, 1997 in Vermilion Parish
   h. Partial Assignment recorded as Act No. 57-980067 on January 15, 1998 in Vermilion Parish
   i. Partial Assignment recorded as Act No. 57-980349 on February 22, 1998 in Vermilion Parish

E. The following Partial Assignments of Security Interest filed under original file No. 57-971065 on July 18, 1997.

   a. Partial Assignment recorded as Act No. 57-971388 on September 27, 1997 in Vermilion Parish

F. Security Interest recorded as Act No. 28-379001 on March 5, 1998 in Lafayette Parish.

G. Security Interest recorded under original File No. 28-379002 on March 5, 1998 in Lafayette Parish

3. In favor of Private Capital, Inc., Satellite Navigation, Inc., Joseph C. Kite and John W. Forbes and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere dismissing with prejudice any and all claims brought by RAM Industries, Inc., Roland J. Maturin and Dana Louviere.

Signed _____Opelousas_____, Louisiana this __8th__ day of ____March____, 2000.

_____
/ Judge

Respectfully submitted;

_____
Jeffrey Ackermann #16779
DURIO, McGOFFIN AND STAGG
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, Louisiana 70505
337-233-0300

*Counsel for Private Capital, Inc., Satellite
Joseph C. Kite and John W. Forbes*


Approved as to form;

_____
W. Simmons Sandoz
P.O. Box 471
Opelousas, Louisiana 70571-0471
337-942-8956

*Trustee for RAM Industries, Inc.*


Approved as to form;

_____
Gerald deLaunay
PERRIN, LANDRY, deLAUNAY & DURAND
P.O. Box 53597
Lafayette, Louisiana 70505

*Attorney for RAM Industries, Inc., Roland J. Maturin
and Dana Louviere*

**COPY SENT**
Date: 3.8.00
By: [illegible]
To: [illegible list of names including] Sandoz, Cooper, Hebert, Sikes, Wilkins, Mouton, Ackerman, Bongioun, Hebert Julius, Bour, Ackermann

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

IN RE:
RAM INDUSTRIES, INC.      CASE NO. 98-51512
Debtor(s)                 ADVERSARY NO. 98-5474
                          JUDGE GERALD H. SCHIFF

## JUDGMENT

On the consent of the parties and based upon a Settlement, Compromise and Release Agreement approved by this court by order this date, following hearing on same February 15, 2000, judgment is hereby rendered as follows:

1. In favor of Private Capital, Inc. and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere in solido in the principal sum of $415,339.99 together with legal interest from date of judicial demand until paid and all court costs.

2. In favor of Private Capital, Inc. and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere recognizing the mortgage and security rights of Private Capital, Inc. arising out of the following;

   A. Commercial Security Agreement and Mortgage dated December 16, 1997 recorded, Lafayette Parish Mortgage Records under Act No. 97-045598 on the 18th day of December, 1997 and evidenced by UCC-1 Financing Statement recorded on December 18, 1997 as Act No. 28-377610.

   B. Security Interest recorded as Act No. 28-375954 on the September 16, 1997 in the UCC records for the Parish of Lafayette, State of Louisiana.



C. Partial assignment of security interest recorded under original file No. 57-960146 on January 30, 1996 in the records for the Parish of Vermilion, State of Louisiana. Said partial assignment recorded as File No. 57-971295 on September 5, 1997 in Vermilion Parish.

D. The following partial assignments of security interests recorded as Act No. 57-96175 filed November 14, 1996, Vermilion Parish.

   a. Partial Assignment recorded as Act No. 57-970398 on March 6, 1997 in Vermilion Parish.
   b. Partial Assignment recorded as Act No. 57-970636 on April 15, 1997 in Vermilion Parish.
   c. Partial Assignment recorded as Act No. 57-970789 on May 15, 1997 in Vermilion Parish.
   d. Partial Assignment recorded as Act No. 57-970908 on June 10, 1997 in Vermilion Parish
   e. Partial Assignment recorded as Act No. 57-971120 on July 27, 1997 in Vermilion Parish
   f. Partial Assignment recorded as Act No. 57-971460 on September 26, 1997 in Vermilion Parish
   g. Partial Assignment recorded as Act No. 57-971853 on December 16, 1997 in Vermilion Parish
   h. Partial Assignment recorded as Act No. 57-980067 on January 15, 1998 in Vermilion Parish
   i. Partial Assignment recorded as Act No. 57-980349 on February 22, 1998 in Vermilion Parish

E. The following Partial Assignments of Security Interest filed under original file No. 57-971065 on July 18, 1997.

   a. Partial Assignment recorded as Act No. 57-971388 on September 27, 1997 in Vermilion Parish

F. Security Interest recorded as Act No. 28-379001 on March 5, 1998 in Lafayette Parish.

G. Security Interest recorded under original File No. 28-379002 on March 5, 1998 in Lafayette Parish

3. In favor of Private Capital, Inc., Satellite Navigation, Inc., Joseph C. Kite and John W. Forbes and against RAM Industries, Inc., Roland J. Maturin and Dana Louviere dismissing with prejudice any and all claims brought by RAM Industries, Inc., Roland J. Maturin and Dana Louviere.

Signed _____Opelousas_____, Louisiana this __8th__ day of _____March_____, 2000.

_____
Judge

Respectfully submitted;

*[signature]*

Jeffrey Ackermann #16779
DURIO, McGOFFIN AND STAGG
220 Heymann Boulevard (70503)
Post Office Box 51308
Lafayette, Louisiana 70505
337-233-0300

*Counsel for Private Capital, Inc., Satellite
Joseph C. Kite and John W. Forbes*

Approved as to form;

*[signature]*

W. Simmons Sandoz
P.O. Box 471
Opelousas, Louisiana 70571-0471
337-942-8956

*Trustee for RAM Industries, Inc.*

Approved as to form;

*[signature]*

Gerald deLaunay
PERRIN, LANDRY, deLAUNAY & DURAND
P.O. Box 53597
Lafayette, Louisiana 70505

*Attorney for RAM Industries, Inc., Roland J. Maturin
and Dana Louviere*

**COPY SENT**
Date: 3-8-00
By: [illegible]
To: [illegible]
Sunter
[illegible]
Hebert
Sikes
Wilkins
Moudon
Ackerman
Bengtson
Hebert Julius
Beck
Ackermann